Good morning, Your Honors. May it please the Court, Krista Hart on behalf of Mr. Luciano Ramirez-Salazar. In this case, Mr. Ramirez-Salazar filed a 2255 motion alleging a large number of claims. But one of the claims was ineffective assistance of counsel at the resentencing hearing held in December of 2010, and he specifically named David Porter as the attorney that represented him at that time. The district court dismissed the petition as second or successive based on the fact that Mr. Ramirez-Salazar had filed a number of habeas petitions prior to this. But here, this one claim was a new claim. This was a claim that could not have been raised in either of the two previous petitions. And because it could not and was not ripe and the facts were not in existence at the prior two claims, the prior two times the petitions were raised, he was precluded. He couldn't do it. Kennedy. Can I ask you this, just from a mootness standpoint? Has your client been released now? Ramirez-Salazar Yes. Kennedy. So even if we sent this back, and even if he were allowed to pursue this 35 — even if he were allowed to get relief on his IAC claim for the 3582C petition, I don't see what he could get out of it. Because the only relief that would have been available, if I understand it right, is not anything to do with the conviction, but just reducing his sentence further. And it seems to me if he's released, there's no relief he could get. Ramirez-Salazar He is still on a form of supervised release. And if his actual sentence is shortened and he should have been released six months, eight months, ten months earlier, I believe his term of supervised release would likewise begin to toll at the time he was legally released from custody. So he does still have a vested interest in having this litigated. Kennedy. Just to run through that for me again, how would that work? So let's say that he got three years of supervised release. Ramirez-Salazar My understanding of the law is that that would begin to run on the day he is legally released from custody. And if he was supposed to be released six months earlier, ten months earlier, a year earlier, then his supervised release would be shorter. So instead of he was released, I believe, physically from custody in October of last year. So if he has three years, which, honestly, I don't remember right now. Alito You would say, or at least there's an argument that the extra six months, let's say, that he spent in prison, that should be credited against the three years of supervised release? Ramirez-Salazar Yes. Alito Okay. Ramirez-Salazar Yes. And so he would be off release, supervised release, six months earlier. And there is a lot of case law that says that an individual does that still creates an interest in the individual to litigate and keeps the action alive. Alito All right. I just want to make sure I understand what it is. Roberts Go ahead, Judge Martinez. I'll wait. Alito I just want to make sure I understand exactly what you're arguing here. It's not that you could credit the extra time he would have done in prison against the supervised release. It's just that his supervised release would have started at an earlier period of time. Ramirez-Salazar Correct. Alito All right. Judge Gould. Gould Yes. The question I had for you was this. Is there a procedure under the Ninth Circuit law or a rule or statute whereby a person has a right to take direct appeal of a 3582 decision? Ramirez-Salazar Well, it's a final judgment based, a final decision of the district court. So I don't see why, what would preclude him from taking a direct appeal of that. I don't have a specific rule or case on point. Alito Okay. Well, my understanding was that it was permissible, that I could be wrong in that. So what I was wondering is, was it your, is it your, is it your, is it your, position that a person could either appeal directly or could seek relief, as here through a second or successive habeas petition, and just take the position that it wasn't right, that the facts weren't discoverable before, and that your client was diligent? Do we have, are there two ways to address the issue, or just this one? Ramirez-Salazar I see. So I think you're asking me, should Mr. Ramirez-Salazar have filed a notice of appeal immediately following the sentencing hearing in December of 2010? And I guess he did not file, I'm not aware of a direct appeal filed following the resentencing. Because this is based on an ineffective assistance of counsel claim, my understanding of case law is that those need to be litigated in a 2255 motion prior to a direct appeal because they often involve facts outside the record. And there was no hearing on this 2255 motion, so we don't have any of the facts other than the allegation that Mr. Ramirez-Salazar made in his 2255 motion. Did that answer your question? Kennedy Yes, it does. Ramirez-Salazar Okay. Thank you. Kennedy Counsel, I have a more, a different question in this case. Does the Petitioner have a right to counsel at a 3582 hearing? Ramirez-Salazar Well, that is a question. And I would say, yes, they do, because it's a sentencing hearing, and sentencing hearings have been deemed a critical stage of the proceedings time and again. So even though it, whether it's resentencing or sentencing, he has the right to counsel and he has the right to the effective assistance of counsel. Kennedy Can you tell me what sorts of claims you think could still be brought that weren't ripe at the time of the original judgment under Panetti? Ramirez-Salazar Well, this would be the only claim. There are 12, 13, 14 claims he lists in his, in the petition at issue here. This would be the only claim that I believe would be valid under this, would be, could be raised in a 2255 petition. And it wouldn't be considered second or successive because the facts underlying the claim had not yet occurred prior to the other two petitions. And he's not challenging anything about the underlying conviction in that one claim. He's challenging the ineffective assistance of counsel at the resentencing hearing. Kennedy Then Counsel Judge Gould, just so I could clarify on this, as I'm understanding it, because normally you can't take a direct appeal of ineffective assistance of counsel, you need to develop some evidence and present it on collateral review. You're saying that if there's ineffective assistance at a 3582 resentencing, then the proper way to raise it is through a 2255 motion. Ramirez-Salazar That's correct. Kennedy Okay. Now, why did he raise all those other claims in addition to this one? It sort of gives the petition the cast of a second or successive. He's trying to relitigate everything. Ramirez-Salazar Yes. There is an argument to be made that that is the case. Mr. Ramirez-Salazar, following his conviction back in 99, I think it was, filed somewhere upwards of 50 pro se pleadings in the district court challenging his case. He did that until now. So for 14 years he's been filing documents. So why did he raise those? I think he feels he hasn't been heard, but I can't say for sure. Kennedy Okay. So you think is the law clear that if someone files a second or successive petition and you've got, let's say, nine claims in it that they knew before that don't satisfy the exception for when you can present second or successive, but one claim like this one here that couldn't have been discovered earlier and that's presented with reasonable diligence, that the court can shave that one claim out and proceed on it? Ramirez-Salazar Yes. I believe a court could dismiss all of the other previously litigated claims and focus on this one claim, yes. Kennedy Okay. And why would it be true that he's brought his petition here with reasonable diligence? Ramirez-Salazar Because in December of 2010 when the sentencing occurred, it was, I believe, within one year that he filed the instant petition. And there's a one-year statute of limitations in 2255. And so it was within that timeframe, and it took a long time to be litigated in district court, and it's been in this court for two years. So I believe he acted diligently immediately following the December 2010 resentencing hearing. Kennedy Okay. My apologies. I think I might have used up all your time, so I'll ask Judge Watford if he could give you a little extra time on rebuttal. Watford Thank you. Gould Yes, we will. And we'll hear from the government now. Lee Good morning. Justin Lee for the United States. May it please the Court. As an initial matter, I'll address two questions that were raised. First, to your question, Judge Gould, a claimant for 3582 relief can file a direct appeal. That was decided in United States v. Dunn. That's at 728F3-1151. Second, as to your question, Judge Martinez, regarding whether or not you have a right to counsel at a 3582 proceeding, no. Someone applying for 3582 relief does not have a right to counsel. That was decided in this court in United States v. Townsend. That's at 98F3-510, the Penn Sites 513. That was in 96 holding. Is that relevant in our analysis here today, Mr. Lee? It's relevant to the issue that was raised in the reply brief by the appellant, that if this Court treats this 2255 as second or successive, the appellant will not have a chance to test any alleged ineffective assistance of counsel. Following the Supreme Court's holding in Wainwright v. Torna, there is no – if there is no constitutional right to counsel, there can be no cognizable constitutional ineffective assistance of counsel. So the appellant doesn't have the ability to allege a 2255 with respect to the 3582 counsel because there was no right to counsel there. Kennedy still leaves. Go ahead. Go ahead. I'll just say, does that mean you're saying that a person in a 3582 proceeding just can't assert a claim of ineffective assistance by their lawyer? Yes, Your Honor. That's what I'm – that's exactly what the law is, and that's what Wainwright v. Torna – it was in a separate context with a discretionary appeal to the Florida Supreme Court, but that was – the reasoning was that if there was no constitutional right to an attorney, whatever attorney was there could not be a constitutionally cognizable claim. Keith, thank you. The question I was going to ask is, Mr. Ramirez-Salazar is making a claim of ineffective assistance of counsel at this particular proceeding. Is there something – if some other irregularity had occurred, could he still raise it under Panetti? I can't think of a cognizable claim off the top of my head that would be cognizable under 2255, but I think there – the Supreme Court's decision in Magwood leaves open whether or not a second or successive application, which includes a claim that wasn't raised or wasn't ripe at the prior judgment could be raised later. Justice Kennedy in his dissent seems to – argues that the Magwood decision rejects Panetti and that a claim could not be raised if there wasn't an intervening new And following Justice Kennedy's reasoning, there wouldn't be an ability to challenge anything in that 3582 proceeding except on direct appeal. There would be no 2255 remedy. But I think the Court left that open in the reasoning that the Magwood majority didn't necessarily address that issue. They were expanding the scope of relief in that case, and they did not reach that particular issue. Well, let me ask you this. I think I disagree with the way you've read Magwood in your brief. Am I understanding your position to be that unless there's a new intervening judgment, you can't raise any claims in a 2255, even if they didn't even come into existence until after that – the last judgment that was entered? Not necessarily, Your Honor. It's that if there isn't an intervening new judgment in between two 2255s, that second or successive petition in time, 2255, has to be judged under the Magwood gatekeeping analysis that says this is a second or successive. And there are permissible reasons for a second or successive that would allow that. For example, if there was new evidence of innocence or if there was a retroactive constitutional claim. Yeah. But it's not even a second or successive petition with respect to that claim, at least, right? If it didn't even exist at the time that first filed petition was – right? You're correct, Your Honor. But the Magwood majority spoke of the effective death – the effective – the Anti-Terrorism and Effective Death Penalty Act as referring to applications and not claims. So a 2255 is looked at in terms of applications if there is a second application. I don't read Justice Breyer's concurrence as saying that at all. In fact, I think Justice Breyer rejected that reading, and that left just two members of the majority who might have adhered to that view. Justice Breyer, I think, was of the view that Justice Kennedy was right, that the Panetti claim-based analysis still was in existence even post-Magwood. I think that's an open question, Your Honor, given the fact that that was Justice Kennedy's view, that it could be – the Panetti claims-based approach could survive post-Magwood. I mean, I'm just looking at Justice Breyer's concurrence, and he seems to endorse the notion that whatever the majority held, it's consistent with the view that – from Panetti, that an application containing a claim that the petitioner had no fair opportunity to raise in the first petition wouldn't be deemed second or successive. And it seems to me that describes this petitioner's situation exactly. He couldn't have raised this 3582C IAC claim at the time he filed that earlier petition because it didn't even exist. The perceiving hadn't even occurred yet. You're correct, Your Honor, in that he could not have raised it in the prior 2255. But in this particular case, it doesn't matter because this is not a cognizable claim. Well, I hear you on that. I have not looked at that issue because that's not the ground that the district court relied on to dismiss the petition. Seems to me maybe you'll have a good argument on remand if we were to reverse, but that's – that issue isn't before us as I see it. That's correct, Your Honor. It was just raised in the reply brief by the appellant. If there are no further questions, Your Honor, that concludes my argument. Okay. Judge Gould, any further questions for the government? None here.  Okay. We'll give you a minute or two for rebuttal. In the wake of Magwood, this Court actually has addressed the issue in the case of U.S. v. Buenrostro, which is cited in my brief. It's 638 F. 3rd 720. And though in dicta, there is some discussion about this very issue, and this Court does say prisoners may file second-in-time petitions based on events that do not occur until a first petition is concluded, which seems to indicate that it's the claims and the intervening judgment. And the Buenrostro quote goes on to note things like you can raise a claim regarding parole violations, et cetera, things that happen after the conviction. So if there is facts that occur after the conviction and after the initial habeas petition is filed, it's not considered second or successive because it's the first opportunity that a petitioner has had to raise the claim. If there's any other questions. Well, are you familiar with the case that your opponent cited for the proposition contrary to what you said, that there is no right to counsel in these 3582C? I'm not, because that was not raised in the brief, so I did not address that issue. Okay. But I see your point. Okay. You don't have any authority that says there is a right to counsel in those proceedings? I don't. Okay. But it's a resentencing hearing. It just seems that sentencing is a critical stage. Okay. All right. Thank you very much for your arguments this morning. The case just argued will stand submitted.
judges: Martinez, Gould, Watford